# Exhibit 98

| | |
|---|---|
| **From:** | Jérôme LHOTE </O=OEXCH012/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS /CN=JLHOTE> |
| **To:** | axel.haelterman@freshfields.com |
| **CC:** | Matthew Stein; Richard Markowitz; John H. van Merkensteijn, III; Adam Larosa |
| **Sent:** | 4/29/2012 9:10:56 PM |
| **Subject:** | <no subject> |

Dear Axel,


Thank you for the very informative phone call on Friday.
As agreed, please find a description of the facts for our clients who are considering to acquire Belgian shares paying dividends. We would need separate opinion for each entity.
The facts are as follows:


**Pension Plans:**
Two of our clients are pension plans. The Pension Plans are individual retirement accounts under Code section 408A of the US Tax Code.
Each Pension Plan is the limited partner to the Partnership and has full economic interest in the Partnership. The Partnership is a limited partnership (hereafter LP) under Delaware law and will be managed and controlled by a General Partner established in US. The Limited Partnership agreement will be sent to you separately.
LP is considered to be tax transparent or even could be ignored for tax purposes for US tax law purposes
LP will undertake a delta one market neutral trading strategy over Belgian shares, consisting of capturing the basis difference between the price of the shares and the price of the derivatives that can be traded in the market.  LP will acquire in a principal capacity listed Belgian shares from third party inter dealer brokers.
LP will hedge its share positions by way of derivative instruments (e.g. futures or other derivatives such as swaps) and these will always be cash settled.   The counterparties to the derivatives will not be resident in Belgium.
When  LP acquires and holds listed Belgian shares, it will retain all rights to the shares (including voting rights) and none of these rights will be passed through to its derivative counterparty.  Further, there will be no restrictions as to what LP can do with the shares (i.e. it can at its own discretion choose to sell, re-hypothecate or lend the shares).
LP will hedge its exposure via a forward contract under which a third party will provide funding to LP and will be exposed to reference transactions that LP may undertake.

We would like confirmation from you that :


- The IRA qualifies as a "pension fund" as defined in article 3.1. k) of the Belgian – American double tax treaty of 27 November 2006;
- The IRA qualifies as a US Resident under article 4.3 a) of the Treaty; and
- The IRA is entitled to the benefit of the dividend withholding tax exemption provided for under article 10.4 b) of the Treaty with respect to dividends made payable by Belgian listed companies, i.e. that the IRA qualifies as beneficial owner of such dividends; and that the dividends should not be considered to be derived from the carrying on of a business by the Pension Plan or through an associated enterprise.


**Charity:**
One of our clients is a US charity. The Charity is a non for profit organization which benefits under US tax regulations from an exemption from tax.
The charity will undertake a delta one market neutral trading strategy over Belgian shares, consisting of capturing the basis difference between the price of the shares and the price of the derivatives that can be traded

in the market.  It will acquire in a principal capacity listed Belgian shares from third party inter dealer brokers.
It will hedge its share positions by way of derivative instruments (e.g. futures or other derivatives such as swaps)
and these will always be cash settled. The counterparties to the derivatives will not be resident in Belgium.
When it acquires and holds listed Belgian shares, it will retain all rights to the shares (including voting rights) and
none of these rights will be passed through to its derivative counterparty.  Further, there will be no restrictions as
to what the charity can do with the shares (i.e. it can at its own discretion choose to sell, re-hypothecate or lend
the shares).
The Charity will hedge its exposure via a forward contract under which a third party will provide funding to it and
will be exposed to reference transactions that the charity may undertake.

We would like confirmation from you that :

- The Charity qualifies for a domestic exemption of dividend withholding tax under Belgian domestic law;
  and
- The Charity is entitled to the benefit of the dividend withholding tax exemption with respect to dividends
  made payable by Belgian listed companies, i.e. that the Charity qualifies as beneficial owner of such
  dividends; and that the dividends should not be considered to be derived from the carrying on of a
  business by the Charity

We look forward to receiving your opinion and are available for any clarification or additional information you
may need to render your opinion.

Best regards,

Jerome

CONFIDENTIAL / PRIVILEGED - SUBJECT
TO 502(d) ORDER